IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| Gemvision, LLC, <br>     a Louisiana Limited Liability Company <br><br>     Plaintiff <br><br> v. <br><br> JewelBeetle Software, LLC, <br> an Iowa Limited Liability Company; <br> Kenton C. West, Jason Stevenson; and <br> Andrew Zavala <br><br>     Defendants | § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § | Civil Action No. 6:23-cv-01476 <br><br><br><br><br> Judge _____ <br><br><br><br><br><br><br><br> Magistrate Judge _____ <br><br><br><br><br> Demand For Jury Trial |

## COMPLAINT

NOW INTO COURT, through undersigned counsel, advances Gemvision, LLC, a Louisiana Limited Liability Company, which for its Complaint alleges as follows:

## PARTIES

Plaintiff

1.  Plaintiff, Gemvision, LLC is a Louisiana Limited Liability Company, having its principal business address at 302 Rue Louis XIV; Lafayette, Louisiana 70508.

Defendants

2.     Upon information and belief, Defendant, JewelBeetle Software, LLC ("hereinafter "JewelBeetle" or "Defendant"), is an Iowa Limited Liability Company, with its principal place of business located at 3013 West 4th Street; Waterloo, Iowa 50701.

3.     Upon information and belief, Defendant, JewelBeetle has a place of business located in Lafayette Parish, Louisiana.

4.     Upon information and belief, Defendant, Kenton C. West, is a natural person of the full age of majority domiciled in Black Hawk County, Iowa, and having a principal business address at 3013 West 4th Street; Waterloo, Iowa 50701.

5.     Upon information and belief, Defendant, Jason Stevenson, is a natural person of the full age of majority domiciled in Lafayette Parish, Louisiana.

6.     Upon information and belief, Defendant Andrew Zavala, is a natural person of the full age of majority domiciled in Lafayette Parish, Louisiana.

**JURISDICTION AND VENUE**

7.     The jurisdiction of this Court over the claims set forth in Count I arises under 17 U.S.C. § 101, *et seq*. (copyright) and 28 U.S.C. §1338(a)(federal question, copyright).

8.     The jurisdiction of this Court over the claims set forth in Count II arises under 17 U.S.C. § 101, *et seq*. (copyright) and 28 U.S.C. §1338(a)(federal question, copyright).

9.     The jurisdiction of this Court over the claims set forth in Count III arises under 18 U.S.C. § 1836 *et seq*. (trade secret) and 28 U.S.C. § 1331 (federal question, general).

10. Venue in the Western District of Louisiana is proper under 28 U.S.C. § 1400(a) and §1391(b).

## COUNT I
## COPYRIGHT INFRINGEMENT

11. In 2001 Gemvision Corp., an Iowa Corporation whose business primarily involved the creation and sale of jewelry design software, introduced the original version of its jewelry design software, under the brand name Matrix.

12. Between 2001 and 2006 Gemvision Corp. introduced several different versions of its Matrix software, ending with Matrix 5.3 which was introduced in 2006.

13. The original Matrix software programs were created by Gemvision Corp. employees, in the course and scope of their employment.

14. Gemvision Corp. was the statutory work-for-hire author of the Matrix software programs, and as such, was the owner of all copyrights in and to the original Matrix programs, through and including Matrix 5.3.

15. In 2008, Gemvision Corporation, LLC acquired substantially all of the assets of Gemvision Corp.

16. The 2008 transfer from Gemvision Corp. to Gemvision Corporation, LLC conveyed all rights in and to the Matrix programs including, without limitation, the copyrights in the Matrix programs and the right to prepare derivative works from the Matrix programs.

17. In 2009, Gemvision Corporation, LLC prepared and introduced an updated version of the Matrix jewelry design software, Matrix 6.0.

18. Gemvision Corporation, LLC. owned the copyright in the updated version of its jewelry design software, Matrix 6.0.

19. In 2011, Gemvision Corporation, LLC secured copyright registration no. TX 7-313-172 for its Matrix 6.0 software, a copy of which is included as Exhibit A, hereto.

20. In 2011, Gemvision Corporation, LLC prepared and introduced an updated version of the Matrix jewelry design software, Matrix 7.0.

21. The Matrix 7.0 software involved a substantial rewrite of the earlier Matrix programs. The earlier Matrix programs were written in the computer language C+. The Matrix 7.0 software was written in C# (pronounced C "sharp").

22. Gemvision Corporation, LLC. owned the copyright in the updated version of its jewelry design software, Matrix 7.0.

23. In 2011, Gemvision Corporation, LLC secured copyright registration no. TX 7-768-526 for its Matrix 7.0 software, a copy of which is included as Exhibit B, hereto.

24. In 2013, Gemvision Corporation, LLC prepared and introduced an updated version of the Matrix jewelry design software, Matrix 7.5.

25. Matrix 7.5 was written in the C# programming language.

26. Gemvision Corporation, LLC owned the copyright in the updated version of its jewelry design software, Matrix 7.5.

27. In 2013, Gemvision Corporation, LLC secured copyright registration no. TX 7-768-537 for its Matrix 7.5 software, a copy of which is included as Exhibit C, hereto.

28. In 2014, Gemvision Corporation, LLC prepared and introduced an updated version of the Matrix jewelry design software, Matrix 8.0.

29. Matrix 8.0 was written in the C# programming language.

30. Gemvision Corporation, LLC owned the copyright in the updated version of its jewelry design software, Matrix 8.0.

31. In 2014, Gemvision Corporation, LLC secured copyright registration no. TX 8-126-768 for its Matrix 8.0 software, a copy of which is included as Exhibit D, hereto.

32. In 2017, Gemvision Corporation, LLC prepared and introduced an updated version of the Matrix jewelry design software, Matrix 9.0.

33. Matrix 9.0 was written in the C# programming language.

34. Gemvision Corporation, LLC owned the copyright in the updated version of its jewelry design software, Matrix 9.0.

35. In 2017, Gemvision Corporation, LLC secured copyright registration no. TX 8-417-249 for its Matrix 9.0 software, a copy of which is included as Exhibit E, hereto.

36. In 2019, Gemvision Corporation, LLC prepared and introduced a significantly upgraded version of its jewelry design software, MatrixGold 1.0.

37. MatrixGold 1.0 was written in the C# programming language.

38. Gemvision Corporation, LLC owned the copyright in the upgraded version of its jewelry design software, MatrixGold 1.0.

39. In 2020, Gemvision Corporation, LLC secured copyright registration no. TX 8-887-220

for its MatrixGold 1.0 software, a copy of which is included as Exhibit F, hereto.

40. In 2022, Gemvision Corporation, LLC changed its name to Gemvision, LLC.

41. Plaintiff Gemvision, LLC is the owner of all copyright interest in the various Matrix and MatrixGold software programs evidenced by Exhibits A-F as well as the copyright in the original versions of Matrix.

42. In 2009, the former employees of Gemvision Corp. became employees of Gemvision Corporation, LLC.

43. Defendant, JewelBeetle, was formed on or about November 15, 2022.

44. Defendant JewelBeetle is a competitor of Gemvision, LLC

45. Defendant Kenton C. West is, on information and belief, JewelBeetle's founder, managing member, and owner of at least a portion of JewelBeetle.

46. Defendant Kenton C. West, is a former employee of Gemvision Corporation, LLC.

47. Defendant Jason Stevenson is a former employee of Gemvision Corporation, LLC.

48. Defendant Andrew Zavala is a former employee of Gemvision Corporation, LLC.

49. JewelBeetle has employed or contracted with Ben Haycraft, Mike Muller, Defendant Kenton C. West, Defendant Jason Stevenson, and Defendant Andrew Zavala; or alternatively, Ben Haycraft, Michael Muller, Defendant Kenton C. West, Defendant Jason Stevenson, and Defendant Andrew Zavala provided services to JewelBeetle prior to the formation of JewelBeetle; or both.

50. Ben Haycraft and Michael Muller were former employees of Gemvision Corporation, LLC.

51. In the course and scope of their duties as employees of Gemvision Corporation, LLC,

Defendant Kenton C. West, Defendant Jason Stevenson, Defendant Andrew Zavala, Ben Haycraft, and Michael Muller had access to the programming code for the various versions of the Matrix and MatrixGold software.

52. On information and belief, Defendant Kenton C. West and/or one or more of Defendant Jason Stevenson, Defendant Andrew Zavala, Michael Muller, and Ben Haycraft provided JewelBeetle with a copy or copies of the programming code to one or more versions of the Matrix and MatrixGold software, including at least Matrix 9.0 and MatrixGold 1.0.

53. In or around June of 2023, JewelBeetle launched its JewelBeetle 3D Software.

54. The JewelBeetle 3D Software is written in the C# programming language.

55. The JewelBeetle 3D Software includes numerous passages of code that are substantially similar to the Matrix and MatrixGold software.

56. The JewelBeetle 3D Software includes numerous screen displays that are substantially similar to the screen displays in the Matrix and MatrixGold software.

57. On information and belief, the JewelBeetle 3D Software is a substantial copy of, or in the alternative, a derivative work of the Matrix and MatrixGold software, and in particular of one or more of Matrix 7.0-Matrix 9.0 and MatrixGold 1.0.

58. On information and belief, the JewelBeetle 3D Software was prepared by Defendant Kenton C. West, Defendant Jason Stevenson, Defendant Andrew Zavala, Michael Muller, and Ben Haycraft.

59. On information and belief, in preparing the JewelBeetle 3D Software, Defendant Kenton

C. West. Defendant Jason Stevenson, and Defendant Andrew Zavala copied numerous passages of code and numerous screen displays from the Matrix and MatrixGold software including, in particular, Matrix 9.0 and MatrixGold 1.0.

60. JewelBeetle has distributed copies of the JewelBeetle 3D Software without authorization.

61. Upon information and belief Defendant JewelBeetle has, without authorization, distributed copies of the JewelBeetle 3D Software into Louisiana in general and, in particular, into one or more of Acadia Parish; Allen Parish; Avoyelles Parish; Beauregard Parish; Bienville Parish; Bossier Parish; Caddo Parish Calcasieu Parish; Caldwell Parish; Cameron Parish; Catahoula Parish; Claiborne Parish; Concordia Parish; Jefferson Davis Parish; De Soto Parish; East Carroll Parish; Evangeline Parish; Franklin Parish; Grant Parish; Iberia Parish; Jackson Parish; Lafayette Parish; LaSalle Parish; Lincoln Parish; Madison Parish; Morehouse Parish; Natchitoches Parish; Ouachita Parish; Rapides Parish; Red River Parish; Richland Parish; Sabine Parish; St. Landry Parish; St. Martin Parish; St. Mary Parish; Tensas Parish; Union Parish; Vermilion Parish; Vernon Parish; Webster Parish; West Carroll Parish; and Winn Parish.

62. Upon information and belief Defendant Kenton C. West has, without authorization, directed Defendant JewelBeetle to distribute copies of the JewelBeetle 3D Software into Louisiana in general and, in particular, into one or more of Acadia Parish; Allen Parish; Avoyelles Parish; Beauregard Parish; Bienville Parish; Bossier Parish; Caddo Parish Calcasieu Parish; Caldwell Parish; Cameron Parish; Catahoula Parish; Claiborne Parish; Concordia Parish; Jefferson Davis Parish; De Soto Parish; East Carroll Parish; Evangeline Parish; Franklin Parish; Grant Parish;

Iberia Parish; Jackson Parish; Lafayette Parish; LaSalle Parish; Lincoln Parish; Madison Parish; Morehouse Parish; Natchitoches Parish; Ouachita Parish; Rapides Parish; Red River Parish; Richland Parish; Sabine Parish; St. Landry Parish; St. Martin Parish; St. Mary Parish; Tensas Parish; Union Parish; Vermilion Parish; Vernon Parish; Webster Parish; West Carroll Parish; and Winn Parish.

63. Upon information and belief Defendant JewelBeetle has, without authorization, caused copies of the JewelBeetle 3D Software to be displayed in Louisiana in general and in one or more of Acadia Parish; Allen Parish; Avoyelles Parish; Beauregard Parish; Bienville Parish; Bossier Parish; Caddo Parish Calcasieu Parish; Caldwell Parish; Cameron Parish; Catahoula Parish; Claiborne Parish; Concordia Parish; Jefferson Davis Parish; De Soto Parish; East Carroll Parish; Evangeline Parish; Franklin Parish; Grant Parish; Iberia Parish; Jackson Parish; Lafayette Parish; LaSalle Parish; Lincoln Parish; Madison Parish; Morehouse Parish; Natchitoches Parish; Ouachita Parish; Rapides Parish; Red River Parish; Richland Parish; Sabine Parish; St. Landry Parish; St. Martin Parish; St. Mary Parish; Tensas Parish; Union Parish; Vermilion Parish; Vernon Parish; Webster Parish; West Carroll Parish; and Winn Parish, in particular.

64. Upon information and belief Defendant Kenton C. West has, without authorization, caused copies of the JewelBeetle 3D Software to be displayed in Louisiana in general and in one or more of Acadia Parish; Allen Parish; Avoyelles Parish; Beauregard Parish; Bienville Parish; Bossier Parish; Caddo Parish Calcasieu Parish; Caldwell Parish; Cameron Parish; Catahoula Parish; Claiborne Parish; Concordia Parish; Jefferson Davis Parish; De Soto Parish; East Carroll Parish;

Evangeline Parish; Franklin Parish; Grant Parish; Iberia Parish; Jackson Parish; Lafayette Parish; LaSalle Parish; Lincoln Parish; Madison Parish; Morehouse Parish; Natchitoches Parish; Ouachita Parish; Rapides Parish; Red River Parish; Richland Parish; Sabine Parish; St. Landry Parish; St. Martin Parish; St. Mary Parish; Tensas Parish; Union Parish; Vermilion Parish; Vernon Parish; Webster Parish; West Carroll Parish; and Winn Parish, in particular.

65. Defendant JewelBeetle's preparation of the JewelBeetle 3D Software was a violation of 17 U.S.C. § 106 (1) and/or (2).

66. Defendant Kenton C. West's, Defendant Jason Stevenson's, and Defendant Andrew Zavala's preparation of the JewelBeetle 3D Software was a violation of 17 U.S.C. § 106 (1) and/or (2).

67. Defendant JewelBeetle's unauthorized distribution of copies of the JewelBeetle 3D Software was a violation of 17 U.S.C. § 106 (3).

68. Defendant Kenton C. West's use of JewelBeetle to distribute copies of the JewelBeetle 3D Software without authorization was a violation of 17 U.S.C. § 106(3).

69. Defendant JewelBeetle's unauthorized display of copies of the JewelBeetle 3D Software was a violation of 17 U.S.C. § 106 (5).

70. Defendant Kenton C. West's use of JewelBeetle to make unauthorized displays of the JewelBeetle 3D Software was a violation of 17 U.S.C. § 106(5).

71. On information and belief, Defendant JewelBeetle's copying of the Matrix and MatrixGold software was intentional and done with knowledge of and in willful disregard of Gemvision, LLC's

copyright rights in the Matrix and MatrixGold software.

72. On information and belief, Defendant Kenton C. West's, Defendant Jason Stevenson's, and Defendant Andrew Zavala's copying of the Matrix and MatrixGold software was intentional and done with knowledge of and in willful disregard of Gemvision, LLC's copyright rights in the Matrix and MatrixGold software.

## COUNT II
## VICARIOUS LIABILITY

73. The allegations of paragraphs 1-72 are reaverred herein.

74. On information and belief, Defendant Kenton C. West is the managing member of JewelBeetle Software, LLC.

75. On information and belief, Defendant Kenton C. West owns at least a portion of JewelBeetle Software, LLC.

76. On information and belief, Defendant Kenton C. West had the authority to control whether Defendant JewelBeetle Software, LLC copied or prepared derivative works based on Gemvision, LLC's Matrix and MatrixGold software.

77. On information and belief, Defendant Kenton C. West had the authority to control whether Defendant JewelBeetle Software, LLC made unauthorized distributions of the JewelBeetle 3D Software.

78. On information and belief, Defendant Kenton C. West had the authority to control whether Defendant JewelBeetle Software, LLC made unauthorized displays of the JewelBeetle 3D Software.

79. On information and belief, Defendant Kenton C. West benefitted financially from JewelBeetle Software, LLC's copying of the Matrix and MatrixGold software, or in the alternative, from JewelBeetle Software, LLC's preparation of derivative works based on the Matrix and MatrixGold software.

80. On information and belief, Defendant Kenton C. West benefitted financially from JewelBeetle Software, LLC's unauthorized distribution of the JewelBeetle 3D Software.

81. On information and belief, Defendant Kenton C. West benefitted financially from JewelBeetle Software, LLC's unauthorized displays of the JewelBeetle 3D Software.

82. Defendant Kenton C. West is vicariously liable for the infringing acts of JewelBeetle Software, LLC.

## COUNT III
## TRADE SECRET MISAPPROPRIATION

83. The allegations of paragraphs 1-82 are reaverred herein.

84. The programming code in Matrix 7.0 – Matrix 9.0 and MatrixGold 1.0 was not generally known within Gemvision's industry or the population in general.

85. The programming code in Matrix 7.0 – Matrix 9.0 and MatrixGold 1.0 was not readily ascertainable through proper means by others within Gemvision's industry.

86. The programming code in Matrix 7.0 – Matrix 9.0 and MatrixGold 1.0 had independent economic value to competitors of Gemvision, such as Defendant JewelBeetle, by virtue of the fact that the information was not generally known or readily ascertainable through proper means.

87. Gemvision, LLC took reasonable measures to keep secret the programming code in Matrix 7.0 – Matrix 9.0 and MatrixGold 1.0, including without limitation, limiting access to the information to employees of Gemvision, LLC and publishing Matrix 7.0 – Matrix 9.0 and MatrixGold 1.0 in a format in which the programming code was obfuscated.

88. The programming code in Matrix 7.0 – Matrix 9.0 and MatrixGold 1.0 constituted trade secrets of Gemvision, LLC as defined by 18 U.S.C. § 1839.

89. The programming code in at least Matrix 9.0 and MatrixGold 1.0 was provided to Defendant JewelBeetle without authorization from Gemvision, LLC.

90. On information and belief, Defendant JewelBeetle knew or had reason to know that the programming code contained in Matrix 9.0 and MatrixGold 1.0 and delivered to it were acquired using "improper means" as defined by 18 U.S.C. § 1839.

91. Defendant JewelBeetle has used the Matrix 9.0 and MatrixGold 1.0 programming code acquired by it to compete with Gemvision.

92. Defendant JewelBeetle has disseminated copies of its JewelBeetle 3D Software to the public.

93. The JewelBeetle 3D Software distributed by JewelBeetle included copies of numerous components of the Matrix 9.0 and MatrixGold 1.0 programming code.

94. The JewelBeetle 3D Software distributed by JewelBeetle was not protected, such that purchasers can view and reproduce the programming code of the JewelBeetle 3D Software, including the components copied from the Matrix 9.0 and MatrixGold 1.0 programming code.

95. The conduct alleged herein by Defendant JewelBeetle constitutes misappropriation of the trade secrets of Gemvision, as defined by 18 U.S.C. § 1836.

96. On information and belief, the misappropriation of Gemvision, LLC's trade secrets, as alleged herein, was willful and malicious.

## JURY DEMAND

97. Plaintiff respectfully demands a trial by jury as to all issues so triable raised by this Complaint.

WHEREFORE, Plaintiff prays for judgment against the Defendants as follows:

A. That the Court find that Defendants have committed copyright infringement;

B. That the Court find that the Defendants have committed copyright infringement willfully;

C. That the Defendants be cast in judgment in favor of the Plaintiff for statutory damages pursuant to 17 U.S.C. § 504;

D. Alternatively, that the Defendants be cast in judgment for the Plaintiff's lost profits and any additional profits of the Defendants pursuant to 17 U.S.C. § 504;

E. That the Defendants be preliminarily enjoined from any and all further copying or distribution of Plaintiff's software;

F. That the Defendants be permanently enjoined from any and all further copying or distribution of Plaintiff's software;

G. That the Plaintiff be awarded its recoverable costs, including its attorney's fees;

H. That the Plaintiff be awarded its damages for the actual loss caused by the misappropriation

of Plaintiff's trade secrets;

I.     That the Plaintiff be awarded damages for the unjust enrichment to the Defendant caused by the misappropriation of Plaintiff's trade secrets;

J.     In the alternative, that the Plaintiff be awarded a reasonable royalty for the Defendant's unauthorized use and disclosure of Plaintiff's trade secrets;

K.     That the Plaintiff be awarded exemplary damages due to the willful and malicious misappropriation of Plaintiff's trade secrets;

L.     That the Plaintiff be awarded its reasonable attorney's fees due to the willful and malicious appropriation of Plaintiff's trade secrets;

M.     That the Defendant be preliminarily enjoined from further use or dissemination of Plaintiff's trade secrets;

N.     That the Defendants be permanently enjoined from further use or dissemination of Plaintiff's trade secrets; and

O.     That the Plaintiff receive such other and further relief as the Court may deem just and proper.

Dated: October 18, 2023                 RESPECTFULLY SUBMITTED:

                                                   _s/R. Bennett Ford, Jr./_
                                                   R. Bennett Ford, Jr. (La. Bar 24,093)
                                                   Brett A. North (La. Bar. 22,503)
                                                   Chad A. Grand (La. Bar 29,885)

                                                   **ROY, KIESEL, FORD, DOODY & NORTH**
                                                   P.O. Box 15928
                                                   Baton Rouge, LA   70895-5928
                                                   225-927-9908
                                                   225-926-2685 (facsimile)
                                                   rbf@roykiesel.com

                                                   **ATTORNEYS FOR PLAINTIFF**