UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| **GEMVISION LLC** | **CASE NO. 6:23-CV-01476** |
| **VERSUS** | **JUDGE DAVID C. JOSEPH** |
| **JEWELBEETLE SOFTWARE LLC ET AL** | **MAGISTRATE JUDGE CAROL B. WHITEHURST** |

### REPORT AND RECOMMENDATION

Before the Court are the Motion to Dismiss Plaintiff's original complaint (Rec. Doc. 14) and Motion to Dismiss Plaintiff's First Amended Complaint (Rec. Doc. 26) filed by Defendants, JewelBeetle Software, LLC, Kenton West, Jason Stevenson, and Andrew Zavala. (Rec. Doc. 14). Plaintiff, Gemvision, LLC, opposed the motions (Rec. Doc. 18 and 31), and Defendants replied (Rec. Doc. 24; 34). The motions were referred to the undersigned magistrate judge for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of this Court. Considering the evidence, the law, and the arguments of the parties, and for the reasons explained below, the Court recommends that Defendants' motions to dismiss both be denied.

### Factual Background

Gemvision filed suit against JewelBeetle Software, LLC, Kenton West, Jason Stevenson, and Andrew Zavala for copyright infringement and trade secret

misappropriation of certain jewelry design software. (Rec. Doc. 1). Gemvision alleged it or its predecessor own all copyright interests in Matrix and MatrixGold software programs.[1] (Rec. Doc. 1, ¶11-42 and referenced exhibits). Gemvision further alleges the following relevant facts: Defendant West founded JewelBeetle, a competitor company, in November 2022 (Rec. Doc. 1, ¶43-45); Defendants West, Stevenson, and Zavala (as well as other non-parties) are former Gemvision employees who thereafter worked for or with JewelBeetle (Rec. Doc. 1, ¶46-49); while employed by Gemvision, West, Stevenson, and Zavala had access to Gemvision's programming code for the Matrix software and thereafter provided copies of the programming code for Matrix to JewelBeetle (Rec. Doc. 1, ¶51-52; 59); in June 2023, JewelBeetle launched its JewelBeetle 3D software which includes numerous passages of code and screen displays that are substantially similar to Gemvision's Matrix software (Rec. Doc. 1, ¶53-57); West, Stevenson, Zavala, and two other non-party former Gemvision employees prepared the JewelBeetle 3D software using passages of code and screen displays copied from Matrix (Rec. Doc. 1, ¶58-59); and JewelBeetle and West distributed without authorization the JewelBeetle 3D software throughout Louisiana (Rec. Doc. 1, ¶60-64). Gemvision asserts claims for copyright infringement under 17 U.S.C. §106 (Count I), for

---

[1] Gemvision's complaint details the various versions of its software. The Court shall refer to all Gemvision software at issue, including MatrixGold, collectively as "Matrix."

Kenton West's vicarious liability as owner of JewelBeetle (Count II), and for trade secret misappropriation under 18 U.S.C. §1836 (Count III).

Defendants moved to dismiss the original complaint on the grounds that it lacks specific factual allegations regarding each particular defendant's offending acts. Defendants further moved to dismiss Plaintiff's trade secret misappropriation claims for failing to allege the product was used in interstate commerce. In conjunction with its opposition to Defendants' original motion, Gemvision filed an amended complaint alleging that JewelBeetle's software was used in interstate commerce. (Rec. Doc. 17, ¶83-101). In reply, Defendants concede the amended complaint resolves the motion insofar as Defendants sought to dismiss Gemvision's trade secret misappropriation claim (compare Rec. Doc. 18, p. 19; Rec. Doc. 24, p. 1). Gemvision's amended complaint did not add any new factual allegations regarding copyright infringement, and Defendants maintain that the complaint, even as amended, fails to state a claim for copyright infringement.

## Law and Analysis

### I. Law applicable to Rule 8 and Rule 12(b)(6).

Pleadings which state a claim for relief must comply with F.R.C.P. Rule 8:

> Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a short and plain statement of the claim showing that the pleader is entitled to relief. As the Court held in *Twombly*, the pleading standard Rule 8 announces does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. A pleading that offers labels and conclusions or a

3

formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement.

*Ashcroft v. Iqbal*, 556 U.S. 662, 677–78, 129 S. Ct. 1937, 1949 (2009) (cleaned up).

The defendant may challenge the complaint for failing to state a claim by filing a motion to dismiss under F.R.C.P. Rule 12(b)(6). When considering such a motion to dismiss for failure to state a claim, the district court must limit itself to the contents of the pleadings, including any attachments and exhibits thereto. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir.2000); *U.S. ex rel. Riley v. St. Luke's Episcopal Hosp.,* 355 F.3d 370, 375 (5th Cir.2004). The court must accept all well-pleaded facts as true and view them in the light most favorable to the plaintiff. *In re Katrina Canal Breaches Litigation*, 495 F.3d 191, 205 (5th Cir.2007) Conclusory allegations and unwarranted deductions of fact are not accepted as true, *Kaiser Aluminum & Chemical Sales v. Avondale Shipyards*, 677 F.2d 1045, 1050 (5th Cir. 1982); *Collins v. Morgan Stanley*, 224 F.3d at 498. The law does "not require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974 (2007). The allegations must be sufficient "to raise a right to relief above the speculative level," and "the pleading must contain something more …than…a statement of facts that merely creates a suspicion [of] a legally cognizable

right of action." *Id.* at 555 (quoting 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-36 (3d ed. 2004)).

## II.   Whether Gemvision stated a claim for copyright infringement.

Defendants contend Gemvision failed to state a claim for copyright infringement. "To prove copyright infringement, a plaintiff must establish (1) ownership of a valid copyright; (2) factual copying; and (3) substantial similarity." *Armour v. Knowles,* 512 F.3d 147, 152 (5th Cir.2007) (per curiam).

Defendants do not argue that Gemvision's alleged facts fail to satisfy the foregoing basic requirements of a copyright infringement claim. The Court finds that the complaint alleges facts showing ownership of a valid copyright (Rec. Doc. 1, ¶11-41); factual copying (Rec. Doc. 1, ¶51-52; 59); and substantial similarity (Rec. Doc. 1, ¶55-57). Rather than challenge the allegations vis-à-vis the merits of a copyright infringement claim, Defendants argue that the complaint fails for improper "group pleading." Defendants complain that Gemvision "lumped together" all defendants in the same allegations, without specifying which particular defendant and/or non-party allegedly had access to and/or copied which particular code; however, Rule 8 requires only a short and plain statement of the claim "in order to "give the defendant fair notice of what the ... claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555. A defendant responding to the complaint should know what to answer. *Id*. at fn. 10.

5

The Court finds that Gemvision's complaint falls well beyond the speculative—plausible threshold to state a claim for copyright infringement. The 102-paragraph complaint provides adequate details regarding Gemvision's allegations that one or more former employees had access to the Matrix software codes, impermissibly copied its copyrighted software, and provided the copied codes to Gemvision's competitor, JewelBeetle, which created substantially similar software. Gemvision's allegations asserting that West, Stevenson, Zavala, and/or non-party former employees copied the code does not fail merely because the individuals are aggregately or alternatively accused. Gemvision has provided enough factual allegations and notice of its claims for Defendants to respond. Although they may be lumped together, the individual defendants may separately admit or deny each allegation.

Additionally, Gemvision's inclusion of non-party former employees in the allegations does not doom the complaint. Gemvision indicates jurisdiction over those individuals was unclear. Regardless of the non-parties' presence in the suit, the named defendants are not deprived of the ability to admit or deny the allegations as against themselves. Hence, the Court finds that Gemvision has stated a claim for copyright infringement.

Defendants cite *Taylor v. IBM*, 54 F. App'x 794 (5th Cir. 2002) for the proposition that Gemvision should be forced to identify each specific act of

copyright infringement by each specific defendant; however, *Taylor* is distinguishable as a "wholly frivolous lawsuit" by *pro se* plaintiffs against numerous large companies alleging infringement related to "pre-paid cash cards." *Id*. at *1. Taylor does not support Defendants' position. The Court recommends that Defendants' motions to dismiss be denied.

## Conclusion

For the reasons discussed herein, the Court recommends that Defendants' Motions to Dismiss (Rec. Doc. 14 and 26) be DENIED.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen days after being served with of a copy of any objections or responses to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in the report and recommendation within fourteen days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the district court, except upon grounds of plain error. See *Douglass v. United Services Automobile Association*, 79 F.3d

1415 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. §636(b)(1).

    THUS DONE in Chambers, Lafayette, Louisiana on this 9th day of February, 2024.

_____
CAROL B. WHITEHURST
UNITED STATES MAGISTRATE JUDGE